UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JOSHUA COLES,

                                    Plaintiff,

                    v.                                                      9:23-CV-1293
                                                                            (GLS/DJS)

T. THOMAS et al.,

                                    Defendants.

_____

APPEARANCES:

JOSHUA COLES
Plaintiff, pro se
23-B-5023
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

## I.      INTRODUCTION

        Plaintiff Joshua Coles commenced this action by filing a pro se civil rights complaint

pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in

forma pauperis (IFP) and a motion for appointment of counsel.  Dkt. No. 1 ("Compl."); Dkt.

No. 5 ("IFP Application"); Dkt. No. 3 ("Motion for Counsel").[1]  By Decision and Order entered

on November 22, 2023, the Court reviewed the complaint for sufficiency in accordance with

_____

        [1] By Order entered on October 23, 2023, plaintiff's initial IFP application was denied as incomplete and
the action was administratively closed.  Dkt. No. 4.  Thereafter, plaintiff filed his IFP Application and the inmate
authorization required in this District and the Clerk was directed to reopen this action and restore it to the Court's
active docket.  Dkt. Nos. 5, 6, 7.

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), dismissed each of plaintiff's claims, and denied his Motion for Counsel.  *See* Dkt. No. 9 ("November 2023 Order").  In light of plaintiff's pro se status, he was afforded an opportunity to submit an amended complaint.  *Id*. at 15-16.

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 13 ("Am. Compl.").

## II.    SUFFICIENCY OF THE AMENDED COMPLAINT

Because plaintiff is suing government officials, his amended complaint must be reviewed in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  The legal standard governing the review of a pleading pursuant to these statutes was discussed at length in the November 2023 Order and it will not be restated herein.  *See* November 2023 Order at 2-4.

### A.    The Complaint and November 2023 Order

In his original complaint, plaintiff asserted Section 1983 claims against defendants Corrections Officer T. Thomas, Rensselaer County Sheriff Pat Russo, Rensselaer County, and Prime Care Medical based on allegations that defendant Thomas "slam[med]" plaintiff's elbow into a van door as he attempted to exit the vehicle, and he was thereafter denied adequate medical care to address his injuries.  *See generally* Compl.

The complaint was construed to assert Fourteenth Amendment excessive force claims against Thomas and Russo, a Fourteenth Amendment medical indifference claim against Prime Care Medical, and municipal liability claims against Rensselaer County.  *See* November 2023 Order at 6.

Following review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), plaintiff's Section 1983 claims were dismissed without prejudice for failure to state

a claim upon which relief may be granted.  *See* November 2023 Order at 6-16.

> **B.      Overview of the Amended Complaint**

As with the original complaint, the amended complaint alleges wrongdoing by Thomas in connection with plaintiff's exit from a transport van, while he was a pretrial detainee in the custody of Rensselaer County Correctional Facility.  *See generally* Am. Compl.  The allegations in the amended complaint are materially similar to the allegations in the original complaint with respect to the event giving rise to plaintiff's injury, but the amended complaint does not name anyone other than Corrections Officer Thomas as a defendant, and includes significantly more detail regarding Thomas' history of wrongdoing and interactions with plaintiff leading up to the events giving rise to plaintiff's injury.  *Compare* Compl., *with* Am. Compl.  The following new facts are set forth as alleged in the amended complaint.

"A few days before" defendant Thomas "slammed" plaintiff into a van door, she "did a cell search on [plaintiff's] cell," during which time she "destroyed" items and confiscated plaintiff's identification wrist band.  Am. Compl. at 1.  Thereafter, a non-party corrections official "had to call the Sargent's [sic] Officer" to retrieve the property.  *Id*.

At some point following this communication, plaintiff again encountered Thomas, who "seemed very upset at [plaintiff] for saying something."  Am. Compl. at 1.  Thomas is also "known for having a bad attitude and hurting inmates," having "slammed another inmate in his cell door a few months [earlier]."  *Id*. at 2.  Plaintiff believes that Thomas was serving "a probation period due to her behavior at work" leading up to the date of plaintiff's injuries.  *Id*.

On the day of plaintiff's transport to court, Thomas "told [plaintiff] to go to the very back of the van" and therefore "knew [plaintiff] was back there."  Am Compl. at 1.  Thomas

also saw plaintiff "exiting the van" before "slam[ming]" the door on him.  *Id*.

Plaintiff believes that the actions of Thomas following the incident, which include

failing to inform the other transport officer about plaintiff's injuries, telling plaintiff he would be

"okay" after the incident, telling plaintiff to "watch the door" when he returned from court, lying

to "the nursing staff at medical" about how plaintiff was injured, and failing to "ma[k]e a

report," all show that "the incident was [not] unintentional."  *Id*. at 2.  Plaintiff also alleges that

"the door was slammed hard," which resulted in "a life long injury" to his hand.  *Id*. at 3.

Liberally construed, the amended complaint asserts a Fourteenth Amendment

excessive force claim against Thomas.  For a more complete statement of plaintiff's claims,

reference is made to the amended complaint.[2]

## C.    Analysis

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of

action for "the deprivation of any rights, privileges, or immunities secured by the Constitution

and laws" of the United States.  42 U.S.C. § 1983.  "Section 1983 itself creates no

substantive rights, [but] . . . only a procedure for redress for the deprivation of rights

established elsewhere."  *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

The legal standard governing Fourteenth Amendment excessive force claims was

discussed at length in the November 2023 Order and will not be restated herein.  *See*

November 2023 Order at 9-10.

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro

---

[2]  The amended complaint does not include an express demand for monetary relief.  *See generally* Am. Compl.  However, plaintiff specifically requested monetary relief in his original complaint.  *See* Compl. at 7. Moreover, because plaintiff is no longer incarcerated at Rensselaer County Correctional Facility, there is no basis for an award of injunctive relief.  Accordingly, and out of an abundance of solicitude, the Court construes the amended complaint to be seeking monetary relief.

se plaintiff's pleadings must be liberally construed, *see, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), plaintiff's Fourteenth Amendment excessive force claim against Thomas survives sua sponte review and requires a response.  In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

### III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 13) is accepted for filing and is the operative pleading; and it is further

**ORDERED** that plaintiff's Fourteenth Amendment excessive force claim against Thomas **SURVIVES** sua sponte review; and it is further

**ORDERED** that the Clerk shall **TERMINATE** Sheriff Russo, Rensselaer County, and Prime Care Medical as defendants in this action; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the amended complaint, to the United States Marshal for service upon Thomas.  The Clerk shall forward a copy of the summons and complaint by electronic mail to the Rensselaer County Attorney's Office, together with a copy of this Decision and Order; and it is further

**ORDERED** that, upon the completion of service, a response to plaintiff's amended complaint be filed by Thomas, or her counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

January 24, 2024
Albany, New York

Gary L. Sharpe
U.S. District Judge