UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSHUA COLES
                            Plaintiff,

-against-                                     9:23-CV-1293 (LEK/DJS)

T. THOMAS, et al.,
                            Defendant.
_____

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on June 9, 2025, by the Honorable Daniel J. Stewart, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Dkt. No. 56 ("Report and Recommendation"). For the reasons given below, this Court approves and adopts the Report and Recommendation in its entirety.

**II. BACKGROUND**

Plaintiff Joshua Coles files suit under 42 U.S.C. § 1383 for events that occurred while he was incarcerated at Rensselaer County Correctional Facility. *See* Dkt. No. 1 at 1, 6.[1] The plaintiff alleges that a corrections officer, defendant T. Thomas, did not properly ensure all prisoners had left the vehicle before closing the door, "causing [Defendant] to slam shut the van door on [Plaintiff's] head and causing [Plaintiff's] elbow to get slammed in the side of the van door." *Id.* at 2. Plaintiff also alleges that he received inadequate and untimely medical care after this incident. *See id.* at 3–4.

Plaintiff later filed an amended complaint, Dkt. No. 13. This Court dismissed Plaintiff's claims against several defendants, but held that an excessive force claim against Defendant T.

---

[1] The pages given are those found in the ECF's pagination system.

Thomas survived. *See* Dkt. No. 15 at 5. Defendant Thomas filed for summary judgement, Dkt. No. 37, which the Plaintiff opposed, Dkt. No. 40. The Defendant filed a Reply in support of the motion. Dkt. No. 42. In the Report and Recommendation, Magistrate Judge Stewart recommended granting Defendant's motion for summary judgement. R. & R. at 2.

### III. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). "When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review." *Schisler v. James Cars of Rome, LLC*, No. 616CV1382GTSTWD, 2016 WL 7409003, at *1 (N.D.N.Y. Dec. 22, 2016). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Nutt v. New York*, No. 12-CV-385, 2012 WL 4006408, at *1 (N.D.N.Y. Sept. 12, 2012) (quoting N.D.N.Y. L.R. 72.1(c)). "However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error." *Shenko v. Yorkville Vill.*, No. 621-CV-17, 2021 WL 5321952, at *1 (N.D.N.Y. Nov. 16, 2021). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Federal Bureau of Prisons*, 368 F.Supp.3d 741, 744 (S.D.N.Y. 2019).

### IV. DISCUSSION

Plaintiff objected to the Report and Recommendations. Dkt. No. 58 at 5 ("objection"). Plaintiff's objection was not specific, as it did not refer to any section or lines of reasoning within the Report and Recommendation, and it did not provide any explanation as to why the Report and Recommendation was incorrect. *See id.* The Court is sympathetic to Plaintiff's concerns regarding having sufficient time to write his response to the motion for summary judgment, *see id.* at 4, but the objection to the Report and Recommendations is not the appropriate avenue to raise them. Parties may request extensions of deadlines if they need additional time. *See* N.D.N.Y. L.R. 7.1(j). Therefore, the Court reviews the Report and Recommendation for clear error. *See Shenko*, WL 5321952 at *1.

After carefully examining the record, the Court has determined that the Report and Recommendation evinces no clear error or manifest injustice.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation, Dkt. No. 56, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Motion for Summary Judgment, Dkt. No. 37, be **GRANTED** based on Plaintiff's failure to exhaust administrative remedies; and it is further

**ORDERED**, that Plaintiff's Amended Complaint is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 30, 2025
Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge